SUCCESSION OF THIBODAUX, On the Opposition of MRS. ROGER.

The right of a wife to a distributive share of a succession, is not compensated by law by a debt due the estate by the husband for the purchase of property at the succession sale.

APPEAL from the District Court of St. Martin.

A. *Deblanc*, for administrator.    E. H. *Mouton*, for opponent and appellant.

LEA, J.    The only question presented for solution in this case is, whether an administrator has a right to deduct from the distributive share of a married woman in a succession the amount of a purchase made by her husband.

In the account of the administration of the succession of Thibodaux, the administrator deducts from the share of Mrs. *Roger* the amount due by her husband for the price of a slave and gun purchased by him.    To this she makes opposition, claiming the whole amount, without deduction, as her paraphernal property.    The only question, therefore, is, whether compensation took place by operation of law between the debt due by the husband and the amount to be distributed to the wife by the tableau.

It may be assumed that a husband who administers the paraphernal property of the wife, may make purchases at a sale of the property of a succession in which she is interested, and where the portion of the wife is, by consent, imputed to the extinguishment of the price to be paid by him, that he will be responsible to her ; but in the case at bar no such settlement of the husband's debt was made.    The administrator held the husband's notes, (which, in the meantime, became prescribed,) trusting to be reimbursed from the amount which would be due to the wife from the father's succession.

Mrs. *Roger* could receive nothing from the succession administered by *Comeau* until a distribution of the assets had been homologated; and before this was done, Mrs. *Roger*, by her opposition, claimed it in her own name as paraphernal property.

It is clear that there could be no compensation by operation of law in such a case, and equally clear that a debt due by the husband cannot, against her consent, compensate by anticipation claims subsequently accruing to the wife.    We think, therefore, that there is error in the judgment of the District Court.

It is therefore ordered that the judgment appealed from be reversed ; and proceeding to render such judgment as, in our opinion, should have been rendered, it is ordered that Mrs. *Melanie Roger* do have and recover of *Charles Comeau*, administrator of the succession of *Anselme Thibodaux*, the sum of $819 44, as the distributive share for which she should have been placed on the tableau.    It is further ordered that the appellee pay the costs in both courts.